UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AKADEMOS, INC. JOHN EASTBURN, GARY SHAPIRO, JAMES KOHLBERG, RAJ KAJI, BILL YOUSTRA and BURCK SMITH,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

This is an action brought by the Plaintiff United States Liability Insurance Company ("USLI") seeking declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the rights, obligations and liabilities of the parties under a policy of insurance issued by USLI to Akademos, Inc. ("Akademos"). This action seeks a determination that USLI is not obligated to defend and/or indemnify Akademos, John Eastburn, Gary Shapiro, James Kohlberg, Raj Kaji, Bill Youstra and Burck Smith in connection with claims brought against them in a lawsuit captioned *Brian Jacobs, et al. v. Akademos, Inc., et al.*, Civil Action No. 2021-0346, pending in the Court of Chancery of the State of Delaware (the "Jacobs Action"). USLI seeks a declaration that it is not obligated to defend and/or indemnify Akademos and the individual Defendants because the Jacobs Action is precluded from coverage by an exclusion issued with the USLI policy that precludes coverage for claims asserted by insureds against other insureds.

1

## THE PARTIES

1. The Plaintiff USLI is a Nebraska corporation with a principal place of business located at 1190 Devon Park Drive, Wayne, Pennsylvania. USLI, at all times material hereto, was authorized to issue insurance policies within the State of Connecticut.

2. The Defendant Akademos is a Delaware corporation with a principal place of business located at 200 Connecticut Avenue, Suite 2B, Norwalk, Connecticut 06854.

3. The Defendant John Eastburn ("Eastburn") is a member of Akademos' Board of Directors and is a resident of the State of New York.

4. The Defendant Gary Shapiro ("Shapiro") is a member of Akademos' Board of Directors and is a resident of the State of Florida

5. The Defendant James Kohlberg ("Kohlberg") is a member of Akademos' Board of Directors as is a resident of the State of California

6. The Defendant Raj Kaji ("Kaji") is a member of Akademos' Board of Directors and is a resident of the State of New York.

7. The Defendant Bill Youstra ("Youstra") is a member of Akademos' Board of Directors and is a resident of the State of California.

8. The Defendant Burck Smith ("Smith") is a member of Akademos' Board of Directors and is a resident of the State of Maryland.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship with respect to USLI and the Defendants and the amount in controversy exceeds $75,000 exclusive of interests and costs.

10. Venue properly lies with this Court pursuant to 28 U.S.C. § 1391 since the events giving rise to this complaint substantially arose and occurred in this judicial district. More specifically, the USLI policy at issue was issued to Akademos at its principal place of business in Norwalk, Connecticut.

## FACTUAL BACKGROUND

### The Jacobs Action

11. On or around April 22, 2021, the plaintiffs in the Jacobs Action, who include the founder of Akademos Brian Jacobs ("Jacobs") and other common shareholders of Akademos, filed their initial Complaint. Thereafter on July 28, 2021, the plaintiffs in the Jacobs Action filed their First Amended Complaint. A copy of the Amended Complaint filed in the Jacobs Action is attached as **Exhibit A.**

12. According to the Amended Complaint filed in the Jacobs Action, Akademos was founded in 1999 by Jacobs and "is an education-technology firm that offers virtual bookstore and marketplace services for educational institutions."

13. Kohlberg Ventures, LLC ("KV") is a private equity firm that invested in Akademos in 2009 and subsequently acquired a majority ownership in Akademos in 2011.

14. The Amended Complaint alleges that, initially, Akademos' Board of Directors was comprised of three members: Youstra, who was appointed by KV; Scott Eagle who was mutually agreed upon by KV and Akademos; and Jacobs, who represented the common shareholders of Akademos (the "Common Shareholders").

15. The Jacobs Action alleges that KV sought to strengthen its control of Akademos by replacing Scott Eagle on the Board of Directors with Shapiro and adding a second director

appointed by KV, Eastburn. Youstra, Eastburn, and Kohlberg, who was later appointed to the Akademos Board, are referred to in the Amended Complaint and herein as the "KV Directors".

16. The Jacobs Action alleges that KV sought to capitalize on Akademos' growth by finding an acquisition partner. To that end, in fall 2015, Akademos received a letter of intent to acquire it at a valuation of around $30 million.

17. As a result, Akademos allegedly engaged in negotiations for its acquisition, but the KV Directors projected an acquisition price of at least $50 million and would not sell Akademos for below that amount.

18. The Jacobs Action claims that the KV Directors were not successful in selling Akademos at its target price and "shifted their focus to generating a return solely for KV, the controlling shareholder, by taking actions to destroy the value for Common Shareholders."

19. As part of this alleged scheme, the Jacobs Action claims that in 2018 the KV Directors used Akademos' liquidity circumstances as a justification for Akademos to enter into a financing transaction with KV's wholly owned affiliate, Bay Area Holdings, Inc. ("BAHI"). This transaction was allegedly self-serving to KV and BAHI as the Jacobs Action claims that it gave KV even greater control over Akademos and significant liquidity preferences to KV/BAHI if Akademos was sold.

20. The Jacobs Action further alleges that "KV proceeded with plans to remove Jacobs as a Director of Akademos and eliminate the interests of the Common Shareholders prior to any sale."

21. To that end, the Jacobs Action claims that "the KV Directors sought to persuade Jacobs to accept a buy-out of his interests separate and apart from the rest of the Common

4

Shareholders." This offer was allegedly made to Jacobs alone and the Jacobs Action alleges that this would leave the Common Shareholders without someone to represent their interests.

22.     Jacobs refused the buyout and Eastburn allegedly threatened him "that the value of the Common Shareholders' shares would be crushed and Jacobs would be forced to step down."

23.     The Jacobs Action further alleges that the KV Directors terminated Akademos' then CEO without involving the entire Board of Directors. The KV Directors then hired Kaji to serve as CEO and Director, allegedly without involving the Board of Directors in the process.

24.     According to the Jacobs Action, the "KV Directors then tasked Kaji with preparing [Akademos] for a sale that would maximize KV's return, at the expense of the Common Shareholders[.]"

25.     In 2019, the same liquidity issues faced Akademos as the year before. KV, through BAHI, allegedly presented a second proposal for a financing transaction with terms that were allegedly even more favorable to KV/BAHI if Akademos were sold. Jacobs was the only Director that voted against the financing.

26.     Following the second BAHI financing transaction, the KV Directors named two new directors to Akademos' Board of Directors, Kohlberg, a cofounder of KV and Smith, a friend of Kaji.

27.     Eventually, BAHI submitted a term sheet to acquire all of Akademos' stock. BAHI valued Akademos at $12.5 million. The Jacobs Action alleges that this valuation was "alarming" because Akademos' business model positioned it well when the COVID-19 pandemic struck and forced academic institutions to implement remote learning.

28.     The Jacobs Action further alleges that the KV Directors excluded Jacobs from the process of evaluating BAHI's offer.

29. While Jacobs voted against the sale, the rest of the Akademos Board of Directors approved the sale of Akademos to BAHI at what the Jacobs Action claims was "an unfair price, with an unfair process".

30. As a result, the Jacobs Action asserts the following causes of action: Appraisal under 8 Del. C. § 262 (Count I vs. Akademos); Breach of Fiduciary Duty (Count II vs. Eastburn, Kohlberg and Youstra); Breach of Fiduciary Duty (Count III vs. Eastburn, Shapiro, Kohlberg, Kaji, Youstra and Smith); and Aiding and Abetting Breach of Fiduciary Duty (Count IV vs. KV and BAHI).

### The USLI Policy

31. USLI issued Private Company Management Liability Insurance Package Policy No. CD 155157C to Akademos for the Policy Period of November 12, 2019 to November 12, 2020 (the "USLI Policy"). An Extended Reporting Period of November 12, 2020 to November 12, 2023 was purchased with respect to the Policy. A copy of the USLI Policy is attached as **Exhibit B.**

32. Subject to its terms and conditions, the Insuring Agreements of **Coverage Part A**, **Corporate Directors And Officers Liability** of the USLI Policy provides:

> I. INSURING AGREEMENTS
>
> INDIVIDUAL INSURED NOT INDEMNIFIED
> A. The **Company** will pay, on behalf of an **Individual Insured**, **Loss** resulting from a **Claim** first made against an **Individual Insured** during the **Policy Period**, or Extended Reporting Policy Period, if applicable, to the extent such **Individual Insured** is not indemnified by the **Organization** for the **Loss**.
>
> INDIVIDUAL INDEMNIFIED
> B. The **Company** will pay, on behalf of the **Organization**, **Loss** resulting from a **Claim** first made against an **Individual Insured** during the

> **Policy Period**, or Extended Reporting Period, if applicable, but only to the extent the **Organization** indemnifies such **Individual Insured** for such **Loss** as permitted or required by law.
>
> ENTITY LIABILITY
>
> C. The **Company** shall pay, on behalf of the **Organization**, **Loss** resulting from a **Claim** first made against the **Organization** during the **Policy Period**, or the Extended Reporting Period, if applicable.

33. Under **Coverage Part A** of the USLI Policy, **Individual Insured** is defined, in relevant part, as any person who were, now are or shall be directors, officers, trustees, committee members, managing members or **Employees** of the **Organization**[.]"

34. The USLI Policy defines **Organization**, in pertinent part, as "the **Parent Organization**[.]"

35. In turn, **Parent Organization** is defined as "the entity named in the Policy Declarations." Akademos is the entity named in the USLI Policy's Declarations.

36. **Loss** is defined by the USLI Policy, in relevant part as "**Defense Costs**, damages, settlements, pre-judgment and post judgment interest awarded by a court."

37. The USLI Policy was issued with an exclusion which precludes coverage for the Jacobs Action.

38. Exclusion G. under Section IV. ADDITIONAL EXCLUSIONS of **Coverage Part A** provides:

> The **Company** shall not be liable to make payment for **Loss** in connection with any **Claim** made against an **Insured** arising out of, directly or indirectly resulting from or in consequence of, or any way involving:
>
> G. any **Claim** by, at the behest of or on behalf of the **Insured**; provided that this exclusion shall not apply to:

1. any derivative action by a security holder of the **Organization** on behalf of, or in the name or right of, the **Organization**, if such action is brought and maintained totally independent of, and without the solicitation, assistance, participation or intervention of, any **Insured**; or

2. a **Claim** that is brought and maintained by or on behalf of any **Individual Insured** for contribution or indemnity which is part of or results directly from a **Claim** which is otherwise covered by the terms of this Coverage part; or

3. a **Claim** that is brought and maintained by or on behalf of any former director or officer, but only if such **Claim** does not arise out of, directly or indirectly result from, is in consequence of, or in any way involves any **Wrongful Act**, responsibilities, actions or failure to act by an **Insured** during such former director or officer's tenure of service to an **Insured**; or

4. a **Claim** brought or maintained by any bankruptcy trustee or bankruptcy appointed representative of the **Organization**.

39. **Insured** is defined by the USLI Policy as "the **Organization** and the **Individual Insureds**."

40. **Coverage Part A** of the USLI Policy defines **Wrongful Act** as:

   any actual or alleged wrongful act, error, omission, misstatement, misleading statement, neglect or breach of duties committed or allegedly committed:

   1. by the **Organization**; or

   2. by the **Individual Insureds** arising solely from duties conducted on behalf of the **Organization** or asserted against an **Individual Insured** because of 1. above.

   It is further agreed that the same **Wrongful Act**, an interrelated series of **Wrongful Acts** or a series of similar or related **Wrongful Acts** by one or more **Insureds** shall be deemed to be one **Wrongful**

**Act** and to have commenced at the time of the earliest **Wrongful Act**.

### USLI's Coverage Position

41. By letter dated May 5, 2021, USLI denied coverage for the Jacobs Action. The bases for the denial of coverage were that the Jacobs Action did not trigger **Coverage Part B**. Employment Practices Liability of the USLI Policy and coverage under **Coverage Part A**, Corporate Directors And Officers Liability was precluded from coverage by Exclusion G. as well as an endorsement issued with the USLI Policy. A copy of USLI's May 5, 2021 letter is attached as **Exhibit C.**

42. By letter dated May 24, 2021, Akademos, through its coverage counsel, asserted that Exclusion G. and the endorsement did not apply to the Jacobs Action and demanded that USLI withdraw its denial of coverage. A copy of Akademos' May 24, 2021 letter is attached as **Exhibit D.**

43. USLI responded to Akademos' May 24, 2021 letter in an email dated May 25, 2021 and reaffirmed its denial of coverage. A copy of USLI's May 25 email is attached as **Exhibit E.**

44. On June 2, 2021, Akademos responded by letter to the May 25, 2021 USLI email. Akademos again argued that Exclusion G. did not preclude coverage for the Jacobs Action and demanded that USLI rescind its denial of coverage and defend Akademos in the Jacobs Action. A copy of Akademos' June 2, 2021 letter is attached as **Exhibit F.**

45. By letter dated June 9, 2021, USLI withdrew its denial of coverage for the Jacobs Action and agreed to defend Akademos subject to a reservation of rights. In its June 9, 2021 reservation of rights letter, USLI reserved its right to deny coverage on the basis of Exclusion G. A copy of USLI's June 9, 2021 letter is attached as **Exhibit G.**

46.     USLI also issued a supplemental reservation of rights letter to Akademos on August 9, 2022 reserving its right to limit or deny coverage on the basis of Exclusion D.2. of **Coverage Part A** of the USLI Policy. Exclusion D.2 precludes coverage for claims involving an insured gaining "any profit remuneration or other advantage to which the Insured was not legally entitled, if a final non-appealable adjudication in any underlying proceeding or action establishes the gaining of such profit, remuneration or advantage[.]" A copy of USLI's August 9, 2022 supplemental reservation of rights letter is attached as **Exhibit H.**

47.     Akademos responded to USLI's supplemental reservation of rights letter by email dated August 17, 2022 and disputed that USLI would ever have a basis for denying coverage based on Exclusion D.2. of the USLI Policy. A copy of Akademos' August 17, 2022 email is attached as **Exhibit I.**

48.     An actual controversy has arisen and presently exists between USLI and Akademos regarding whether the USLI Policy provides coverage to Akademos for the Jacobs Action.

## **COUNT I – DECLARATORY JUDGMENT (EXCLUSION G.)**

49.     USLI restates and incorporates the allegations of Paragraphs 1 – 48 as if fully stated herein.

50.     Exclusion G. under Section IV. ADDITIONAL EXCLUSIONS of **Coverage Part A** provides:

> The **Company** shall not be liable to make payment for **Loss** in connection with any **Claim** made against an **Insured** arising out of, directly or indirectly resulting from or in consequence of, or any way involving:
>
> G.     any **Claim** by, at the behest of or on behalf of the **Insured**; provided that this exclusion shall not apply to:
>
>     1.     any derivative action by a security holder of the **Organization** on behalf of, or in the name or right

        of, the **Organization**, if such action is brought and maintained totally independent of, and without the solicitation, assistance, participation or intervention of, any **Insured**; or

2. a **Claim** that is brought and maintained by or on behalf of any **Individual Insured** for contribution or indemnity which is part of or results directly from a **Claim** which is otherwise covered by the terms of this Coverage part; or

3. a **Claim** that is brought and maintained by or on behalf of any former director or officer, but only if such **Claim** does not arise out of, directly or indirectly result from, is in consequence of, or in any way involves any **Wrongful Act**, responsibilities, actions or failure to act by an **Insured** during such former director or officer's tenure of service to an **Insured**; or

4. a **Claim** brought or maintained by any bankruptcy trustee or bankruptcy appointed representative of the **Organization**.

51. Jacobs is an **Individual Insured** under the USLI Policy because he is a former director of Akademos, which is the **Organization** and **Parent Organization** under the USLI Policy.

52. The Jacobs Action asserts causes of action for breach of fiduciary duty and alleges that the KV Directors breached their fiduciary duties because of "BAHI's acquisition of Akademos, at a valuation that has been intentionally depressed by the KV Directors, enriched KV, and its appointed Directors…at the expense of the Common Shareholders."

53. Additionally, the Jacobs Actions alleges that:

> The Board breached its fiduciary duty to the Common Shareholders…by failing to provide reasonable, or any, scrutiny to the BAHI Acquisition Offer, an interested party transaction, before approving it, despite previous valuations above $40 million, acquisitions[,] estimates and projections above $50 million, and the clear, self-interested nature of the transaction…

       The Board at the same time, or alternatively, allowed the Company's value to plummet from over $40 million to $12.5 million, in a matter of approximately two years (during a time when the Company's financial performance and projections significantly improved). Akademos' Directors oversaw an astonishing loss of value for the Company.

54. The allegations quoted above allege a **Wrongful Act** under **Coverage Part A** because it alleges a wrongful act committed by the KV Directors in their capacity as Directors of Akademos, thereby making them **Individual Insureds** under the USLI Policy.

55. Exclusion G. precludes coverage for the Jacobs Action because it involves a **Claim** brought by and on behalf of an **Insured** as Jacobs is and **Individual Insured** under the USLI Policy.

56. Further the exception found in Exclusion G.3. does not apply to the Jacobs Action because although Jacobs is a former director, the Jacobs Action involves a **Claim** arising out of a **Wrongful Act** by the KV Directors, in their capacities as **Individual Insureds**, during Jacobs's tenure of service to Akademos.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff USLI requests that the Court enter Judgment as follows:

(a) Declaring that USLI is not obligated to defend and/or indemnify Akademos or the individual Defendants with respect to the Jacobs Action because Exclusion G. precludes coverage; and

(b) Awarding USLI such further relief as is just and proper.

Respectfully submitted,

*/s/ Ian J. Gemmell*
Ian J. Gemmell, #ct28816
PEABODY & ARNOLD, LLP
600 Atlantic Ave.
Boston, MA  02210
Telephone: (617) 951-2024
Facsimile: (617) 951-2125
igemmell@peabodyarnold.com

*Attorneys for Defendant, United States Liability Insurance Company*

Dated: August 18, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2023, a copy of the foregoing *Complaint for Declaratory Judgment* was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.  A copy of the foregoing *Complaint for Declaratory Judgment* was also served via electronic mail and first class mail to the Defendants' coverage counsel:

Eric Jesse, Esq.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068
ejesse@lowenstein.com

*/s/ Ian J. Gemmell*
Ian J. Gemmell